# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:  GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724 16-MD-2724 |
| IN RE:  ECONAZOLE CASES | HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO: | LEAD CASE:  16-EC-27240 DIRECT CASE:  16-EC-27241 |
| *ALL ECONAZOLE DIRECT PURCHASER ACTIONS* | JURY TRIAL DEMANDED |
| AHOLD USA, INC.; CÉSAR CASTILLO, INC.; FWK HOLDINGS, L.L.C.; KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS, INC.; and ROCHESTER DRUG CO-OPERATIVE, INC.; on behalf of themselves and all others similarly situated,  Plaintiffs,  v.  PERRIGO NEW YORK, INC.; TARO PHARMACEUTICALS U.S.A., INC.; and TELIGENT, INC.  Defendants. | |

## TARO PHARMACEUTICALS U.S.A., INC.'S ANSWER TO THE ECONAZOLE CONSOLIDATED AMENDED DIRECT PURCHASER CLASS ACTION COMPLAINT

Defendant Taro Pharmaceuticals U.S.A., Inc. ("Taro") hereby responds to the allegations in Ahold USA, Inc., Cesar Castillo, Inc., FWK Holdings, LLC, KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc., and Rochester Drug Co-Operative, Inc.'s ("Plaintiffs") Amended Direct Purchaser Class Action Complaint and Demand for Jury Trial (the "Complaint"). The headings and sub-headings in Plaintiffs' Complaint require no response. However, to the extent a response is required, Taro denies all allegations in the headings and sub-headings in Plaintiffs' Complaint.

## I.   INTRODUCTION

1.     Taro admits that the Plaintiffs purport to bring this action as a class action but denies that there is any basis to do so. Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1, and, on that basis, denies those allegations.

2.     The allegations in Paragraph 2 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that the allegations in Paragraph 2 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that pricing for generic drugs must be considered on a case-by-case basis. On that basis, Taro lacks knowledge or information to admit or deny the allegations in the first sentence of Paragraph 2, and denies those allegations. Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

3.      Taro states that the referenced documents speak for themselves and denies the characterization of the substance of the documents in Paragraph 3 and footnote 1. The allegations in Paragraph 3 and footnote 1 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations in Paragraph 3 and footnote 1 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

4.      Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 4, and, on that basis, denies those allegations.

5.      Taro admits that Econazole is an antifungal topical cream indicated to treat certain skin conditions. Taro is without sufficient knowledge or information to admit or deny the remaining allegations, and, on that basis, denies those allegations.

6.      The remaining allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Taro admits that it distributes Econazole, but denies the remaining allegations that relate to Taro and denies that Taro engaged in any wrongful conduct. Taro is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

7.      Taro states that the referenced sources speak for themselves. The remaining allegations in Paragraph 7 and footnotes 2 and 3 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations in Paragraph 7 and footnotes 2 and 3 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the

Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

8.      Taro admits that on September 8, 2016, Taro Pharmaceuticals U.S.A., Inc. received a grand jury subpoena from the Antitrust Division of the DOJ.  Taro states that the referenced sources speak for themselves.  The remaining allegations in Paragraph 8 and footnotes 4 and 5 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 8 and footnotes 4 and 5 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

9.      Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 9 and footnote 6 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 9 and footnote 6 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

10.      Taro admits that the Department of Justice filed Complaints in the U.S. District Court for the Eastern District of Pennsylvania and states that those Complaints speak for

themselves.  Taro further states that it is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 10 and, on that basis, denies those allegations.

11.     Taro admits that the Department of Justice made a filing in the U.S. District Court for the Eastern District of Pennsylvania, and states that the filing speaks for itself.  Taro further states that the allegations contained in Paragraph 11 and footnote 7 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations.  Taro further states that it lacks knowledge or information sufficient to admit or deny the allegations as to any other entity, such as other entities named in the cited Complaint.  Taro further states that it is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 11 and footnote 7, and, on that basis, denies those allegations.

12.     Taro admits that the Plaintiffs States made a filing in the U.S. District Court for the Eastern District of Pennsylvania on May 31, 2018, and states that the filing speaks for itself.  Taro further states that it lacks knowledge or information sufficient to admit or deny the allegations as to any other entity, such as other entities named in the cited Complaint.  Taro further states that it is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 12 and footnote 8, and, on that basis, denies those allegations.

13.     Taro states that the referenced source speaks for itself.  Taro further states that it is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 13 and footnote 9, and, on that basis, denies those allegations.

14.     Taro states that the referenced source speaks for itself.  Taro further states that it is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 14 and footnote 10, and, on that basis, denies those allegations.

15.     Taro states that the referenced source speaks for itself.  Taro further states that it is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 15 and footnote 11, and, on that basis, denies those allegations.

16.     Taro admits that a 20-F was filed with the Securities and Exchange Commission on June 21, 2018.  Taro states that the filing speaks for itself and denies the characterization of the substance of the filing in Paragraph 16 and footnote 13.  Taro is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.  Taro denies the remaining allegations in Paragraph 16 and footnote 13.

17.     Taro states that the referenced sources speak for themselves.  Taro further states that it is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 17 and footnotes 14, 15, and 16, and, on that basis, denies those allegations.

18.     Taro states that the referenced source speaks for itself.  Taro further states that it is without sufficient information to form a belief about the truth of the remaining allegations in Paragraph 18 and footnote 17, and, on that basis, denies those allegations.

19.     Taro states that the referenced source speaks for itself.  Taro denies the allegations in Paragraph 19 to the extent they allege any wrongdoing by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations in Paragraph 19 and footnote 18.

20.     The allegations in Paragraph 20 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 20 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is

without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

21.     Taro admits that Plaintiffs purport to be direct purchasers and purport to bring claims under Section 1 of the Sherman Act.  The remaining allegations in Paragraph 21 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 21, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.

## II.     JURISDICTION AND VENUE

22.     Taro admits that Plaintiffs purport to bring this action under Section 4 of the Clayton Act and for violations of Section 1 of the Sherman Antitrust Act, and that this Court has jurisdiction over this action.  The remaining allegations in Paragraph 22 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 22, denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro.

23.     Taro admits that venue is proper in this district for this action only.  The remaining allegations in Paragraph 23 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations.

24.     Taro admits that it distributes Econazole.  The remaining allegations in Paragraph 24 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 24 that relate to Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

25.     Taro admits that this Court has jurisdiction over this action.   The remaining allegations in Paragraph 25 state legal conclusions to which no response is required.  To the extent

a response is required, Taro denies the remaining allegations in Paragraph 25, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

### III.   PARTIES

26.    Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 26 and, on that basis, denies those allegations.

27.    Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 27 and, on that basis, denies those allegations.

28.    Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 28 and, on that basis, denies those allegations.

29.    Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 29 and, on that basis, denies those allegations.

30.    Taro denies that it has engaged in any wrongdoing alleged in the Complaint and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro states that it is

without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 30 and, on that basis, denies those allegations.

31.     Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 31 and, on that basis, denies those allegations.

32.     Taro admits that it distributes Econazole and that Taro Pharmaceuticals U.S.A., Inc. is a New York corporation with its principal place of business in Hawthorne, New York.  Taro further admits that the FDA granted final approval for Taro's ANDAs for generic Econazole in November 2002.  Taro denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 33 and, on that basis, denies those allegations.

34.     The allegations in Paragraph 34 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 34 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

35.     The allegations in Paragraph 35 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 35 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

36.     The allegations in Paragraph 36 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 36 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

37.     The allegations in Paragraph 37 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 37 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

38.     The allegations in Paragraph 38 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 38 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

39.     The allegations in Paragraph 39 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 39 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is

without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

### IV.   INTERSTATE TRADE AND COMMERCE

40.     Taro admits that it distributes Econazole.  Taro is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 40 and, on that basis, denies those allegations.

41.     Taro admits that it distributes Econazole.  Taro is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 41 and, on that basis, denies those allegations.

42.     Taro admits that it distributes Econazole.  The remaining allegations in Paragraph 42 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the remaining allegations in Paragraph 42 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

43.     The allegations in Paragraph 43 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 43 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

44.     The allegations in Paragraph 44 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 44 that

relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

45.   The allegations in Paragraph 45 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 45 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

46.   The allegations in Paragraph 46 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 46 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to admit or deny the allegations that relate to any entities other than Taro, and, on that basis, denies those allegations.

## V.   FACTUAL ALLEGATIONS

47.   Taro states that the referenced source speaks for itself.  Taro denies that Paragraph 47 and footnote 19 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 47 and footnote 19, and denies those allegations.  Taro further states

that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

48.      Taro states that the pertinent statutes and regulations speak for themselves.  Taro denies the characterization of these statutes and regulations.  The remaining allegations in Paragraph 48 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations.

49.      Taro states that the pertinent statutes and regulations speak for themselves.  Taro denies the characterization of these statutes and regulations.  The remaining allegations in Paragraph 49 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations.

50.      Taro states that the pertinent statutes and regulations speak for themselves.  Taro denies the characterization of these statutes and regulations.  The remaining allegations in Paragraph 50 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 50 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 50, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

51.      Taro states that the laws, regulations, legislative history, and "economic literature" described in Paragraph 51 speak for themselves.  The remaining allegations in Paragraph 51 state legal conclusions to which no response is required.  To the extent a response is required, Taro

denies that Paragraph 51 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 51, and denies those allegations.

52.     The allegations in Paragraph 52 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 52 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.   On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 48, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

53.     Taro states that the referenced sources speaks for themselves.  The allegations in Paragraph 53 and footnotes 20 and 21 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 53 and footnotes 20 and 21 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 53 and footnotes 20 and 21, and denies those allegations.  Taro further states that it is without

sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

54.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 54 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 54 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 54, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

55.    The allegations in Paragraph 55 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 55 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 55, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

56.    The allegations in Paragraph 56 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 56 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and

states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 56, and denies those allegations. Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

57.    Taro states that the referenced sources speak for themselves. The allegations in Paragraph 57 and footnotes 22 and 23 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that Paragraph 57 and footnotes 22 and 23 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 57 and footnotes 22 and 23, and denies those allegations. Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

58.    Taro states that the referenced sources speak for themselves. The allegations in Paragraph 58 and footnotes 24 and 25 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that the allegations in Paragraph 58 and footnotes 24 and 25 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the

allegations in Paragraph 58 and footnotes 24 and 25, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

59.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 59 and footnote 26 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 59 and footnote 26 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 59 and footnote 26, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

60.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 60 and footnotes 27 and 28 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 60 and footnotes 27 and 28 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 60 and footnotes 27 and 28, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

61.     The allegations in Paragraph 61 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 61 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 61, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

62.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 62 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 62 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 62, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

63.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 63 and footnotes 29, 30, and 31 state legal conclusions to which no response is required. To the extent a response is required, Taro denies that Paragraph 63 and footnotes 29, 30, and 31 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for

pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 63 and footnotes 29, 30, and 31, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

64.     The allegations in Paragraph 64 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Paragraph 64 provides a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.   On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 64, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

65.     The allegations in Paragraph 65 and footnote 32 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 65 and footnote 32 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 65 and footnote 32, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

66.     The allegations in Paragraph 66 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 66 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 66, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

67.     The allegations in Paragraph 67 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 67 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 67, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

68.     Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 that

relate to any entity other than Taro, and, on that basis, denies those allegations.  Taro denies the remaining allegations in Paragraph 68.

69.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 and, on that basis, denies those allegations.

70.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 and, on that basis, denies those allegations.

71.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71 and, on that basis, denies those allegations.

72.     The allegations in Paragraph 72 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further denies that the allegations in Paragraph 72 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 72, and denies those allegations.

73.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 and, on that basis, denies those allegations.

74.     The allegations in Paragraph 74 and footnote 36 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 74 and footnote 36 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and

the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 74 and footnote 36, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

75.    Taro denies the allegations in Paragraph 75 that relate to Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

76.    The allegations in Paragraph 76 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 76 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

77.    The allegations in Paragraph 77 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 77 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for

pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 77, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

78.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 and, on that basis, Taro denies those allegations.

79.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 and, on that basis, Taro denies those allegations.

80.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 and, on that basis, Taro denies those allegations.

81.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 and, on that basis, Taro denies those allegations.

82.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 and, on that basis, Taro denies those allegations.

83.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 and, on that basis, Taro denies those allegations.

84.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, Taro denies those allegations.

85.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85 and, on that basis, Taro denies those allegations.

86.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 and, on that basis, Taro denies those allegations.

87.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 87 and, on that basis, Taro denies those allegations.

88.     Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 and, on that basis, Taro denies those allegations.

89.     The allegations in Paragraph 89 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 89 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 89, and denies those allegations.

90.     The allegations in Paragraph 90 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 90 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 90, and denies those allegations.

91.     The allegations in Paragraph 91 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 91 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states

that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 91, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.

92.    The allegations in Paragraph 92 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 92 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 92, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.

93.    The allegations in Paragraph 93 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 93 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 93, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information

to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

94.    The allegations in Paragraph 94 and footnote 37 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 94 and footnote 37 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 94 and footnote 37, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

95.    The allegations in Paragraph 95 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 95 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 95, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information

to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

96.     Taro states that the referenced laws speak for themselves.  The allegations in Paragraph 96 and footnote 38 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 96 and footnote 38 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 96 and footnote 38, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

97.     The allegations in Paragraph 97 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 97 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 97, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information

to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

98.     The allegations in Paragraph 98 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 98 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 98, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

99.     The allegations in Paragraph 99 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 99 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 99, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information

to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

100.     The allegations in Paragraph 100 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 100 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 100, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

101.     The allegations in Paragraph 101 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 101 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

102.     The allegations in Paragraph 102 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 102 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is

without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

103.    Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 103 and footnotes 40 and 41 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations in Paragraph 103 and footnotes 40 and 41 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

104.    The allegations in Paragraph 104 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 104 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

105.    Taro states that the referenced source speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105 and footnote 42 and, on that basis, denies those allegations.

106.    Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106 and footnote 43 and, on that basis, denies those allegations.

107.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 107 and, on that basis, denies those allegations.

108.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 108 and, on that basis, denies those allegations.

109.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 109 and, on that basis, denies those allegations.

110.    Taro states that referenced source speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110 and, on that basis, denies those allegations.

111.    Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 and, on that basis, denies those allegations.

112.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 112 and, on that basis, denies those allegations.

113.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

114.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

115.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

116.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

117.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without

sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

118.   Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

119.   Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

120.   Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

121.   Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

122.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

123.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

124.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

125.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

126.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without

sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

127.   Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

128.   Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

129.   Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

130.   Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

131.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

132.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

133.    Taro admits that certain Taro employees sometimes attended trade association meetings and industry events, but Taro lacks the knowledge or information sufficient to form a belief as to who attended any particular meeting or event.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

134.    Taro admits that the attorneys general of certain states filed a Complaint in the U.S. District Court for the Eastern District of Pennsylvania against certain generic pharmaceutical drug manufacturers, and states that the Complaint speaks for itself.  Taro states that the allegations contained in Paragraph 134 and footnote 46 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations.  Taro denies the allegations in Paragraph 134 and footnote 46 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as

to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

135.    Taro admits that the attorneys general of certain states filed a Complaint in the U.S. District Court for the Eastern District of Pennsylvania against certain generic pharmaceutical drug manufacturers, and states that the Complaint speaks for itself.  Taro states that the allegations contained in Paragraph 135 and footnote 47 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations.  Taro denies the allegations in Paragraph 135 and footnote 47 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

136.    Taro admits that it has offices in New York and New Jersey.  The remaining allegations in Paragraph 136 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 136 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

137.    The allegations in Paragraph 137 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 137 that relate to Taro.  Taro further states that it is without sufficient knowledge or information to form a

belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

138.     The allegations in Paragraph 138 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 138 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

139.     The allegations in Paragraph 139 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 139 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

140.     The allegations in Paragraph 140 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 140 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 140, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

141.     The allegations in Paragraph 141 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 141 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 141, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

142.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142 and, on that basis, denies those allegations.

143.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143 and, on that basis, denies those allegations.

144.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 144 and, on that basis, denies those allegations.

145.     Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145 and, on that basis, denies those allegations.

146.    Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 146 and, on that basis, denies those allegations.

147.    Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147 and, on that basis, denies those allegations.

148.    Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 148 and, on that basis, denies those allegations.

149.    Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 149 and, on that basis, denies those allegations.

150.    Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150 and, on that basis, denies those allegations.

151.    Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 151 and, on that basis, denies those allegations.

152.    Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 152 and, on that basis, denies those allegations.

153.    Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 153 and, on that basis, denies those allegations.

154.    Taro states that the source referenced speaks for itself.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154 and, on that basis, denies those allegations.

155.    Taro admits that Plaintiffs purport to quote from an earnings call held by Taro Pharmaceutical Industries Ltd. on November 10, 2014, but denies that Plaintiffs accurately and/or completely quote from that call.  Taro further states that the earnings call transcript speaks for itself.  Taro Pharmaceuticals U.S.A., Inc. denies the remaining allegations in Paragraph 155.

156.    Taro admits that Plaintiffs purport to quote from an earnings call held by Taro Pharmaceutical Industries Ltd. on November 10, 2014, but denies that Plaintiffs accurately and/or completely quote from that call.  Taro further states that the earnings call transcript speaks for itself.  Taro Pharmaceuticals U.S.A., Inc. denies the remaining allegations in Paragraph 156.

157.    Taro admits that Plaintiffs purport to quote from an earnings call held by Taro Pharmaceutical Industries Ltd. on May 27, 2016, but denies that Plaintiffs accurately and/or completely quote from that call.  Taro further states that the earnings call transcript speaks for itself.  Taro Pharmaceuticals U.S.A., Inc. denies the remaining allegations in Paragraph 157.

158.    Taro states that the referenced source speaks for itself.  Taro is without sufficient knowledge or information to admit or deny the allegations in Paragraph 158 and footnote 48 and, on that basis, denies those allegations.

159.    Taro denies the allegations in Paragraph 159.

160.     Taro states that the referenced source speaks for itself.  The allegations in Paragraph 160 and footnote 49 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 160 and footnote 49 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 160 and footnote 49, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

161.     Taro states that the referenced source speaks for itself.  The allegations in Paragraph 161 and footnote 50 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 161 and footnote 50 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 161 and footnote 50, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to

form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

162.     Taro states that the referenced source speaks for itself.  The allegations in Paragraph 162 and footnote 51 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 162 and footnote 51 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 162 and footnote 51, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

163.     Taro states that the referenced source speaks for itself.  The allegations in Paragraph 163 and footnote 52 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 163 and footnote 52 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 163 and footnote 52, and denies those allegations.  Taro further denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of

any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

164.    Taro admits that B. Douglas Hoey sent a letter to members of Congress dated January 8, 2014, and states that the letter speaks for itself.  The allegations in Paragraph 164 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 164 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 164, and denies those allegations.

165.    Taro admits that on October 2, 2014, Representative Elijah E. Cummings and Senator Bernie Sanders sent a letter to Dilip Shanghvi, and states that the letter speaks for itself. The allegations in Paragraph 165 and footnote 53 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 165 and footnote 53 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 165 and footnote 53, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

166.     Taro states that the referenced source speaks for itself.  The allegations in Paragraph 166 and footnote 54 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 166 and footnote 54 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 166 and footnote 54, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

167.     Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 167 and footnotes 55 and 56 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 167 and footnotes 55 and 56 provide a complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis.  On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 167 and footnotes 55 and 56, and denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

168.     Taro states that the referenced source speaks for itself.  The allegations in Paragraph 168 and footnote 57 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies that the allegations in Paragraph 168 and footnote 57 provide a

complete and/or accurate description of the aspects of the generic drug industry purportedly described, and states that issues pertaining to sales, pricing, and the market for pharmaceutical products must be considered on a case-by-case basis. On that basis, Taro states that it is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 168 and footnote 57, and denies those allegations. Taro further states that it is without sufficient knowledge or information to form a belief about the truth of the allegations that relate to entities other than Taro and, on that basis, denies those allegations.

169.    The allegations in Paragraph 169 state legal conclusions to which no response is required. To the extent a response is required, Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 169 and, on that basis, denies those allegations. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

170.    Taro states that the referenced sources speak for themselves. The allegations in Paragraph 170 and footnotes 58 and 59 state legal conclusions to which no response is required. To the extent a response is required, Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 170 and footnotes 58 and 59 and, on that basis, denies those allegations. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

171.    Taro admits that on September 8, 2016, Taro Pharmaceuticals U.S.A., Inc. received a grand jury subpoena from the Antitrust Division of the DOJ. The remaining allegations in Paragraph 171 state legal conclusions to which no response is required. To the extent a response

is required, Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 171 and, on that basis, denies those allegations. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

172.    Taro states that the referenced source speaks for itself. The allegations in Paragraph 172 and footnotes 60 state legal conclusions to which no response is required. To the extent a response is required, Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 172 and footnotes 60 and, on that basis, denies those allegations.

173.    Taro admits that a 6-K was filed with the Securities and Exchange Commission on September 9, 2016. Taro states that the filing speaks for itself and denies the characterization of the substance of the filing in Paragraph 173 and footnote 61. Taro also admits an earnings call was held in November 2016, and states that the earnings call transcript speaks for itself and denies the characterization of the substance of the call in Paragraph 173 and footnote 61. Taro denies the remaining allegations in Paragraph 173 and footnote 61.

174.    Taro states that the referenced sources speak for themselves. Taro denies the allegations in Paragraph 174 and footnotes 62 and 63.

175.    Taro states that the referenced source speaks for itself. Taro states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 175, which relate to any entities other than Taro, and, on that basis, Taro denies those allegations.

176.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 176 and footnotes 65, 66, 67, and 68 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations.

177.    The allegations in Paragraph 177 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations.

178.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 178 and footnote 69 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations.

179.    Taro admits that the Department of Justice filed Complaints in the U.S. District Court for the Eastern District of Pennsylvania and states that those Complaints speak for themselves.  The remaining allegations in Paragraph 179 state legal conclusions to which no response is required.  To the extent a response is required, Taro states that it is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 179, and, on that basis, denies those allegations.

180.    Taro admits that the Department of Justice filed Complaints in the U.S. District Court for the Eastern District of Pennsylvania and states that those Complaints speak for themselves.  Taro also admits that on January 9, 2017, a plea hearing was held in a case captioned *United States v. Glazer*, No. 2:16-cr-00506, and states that the transcript of that hearing speaks for itself.  Taro further admits that on January 9, 2017, a plea hearing was held in a case captioned *United States v. Malek*, No. 2:16-cr-00508, and states that the transcript of that hearing speaks for itself.  The remaining allegations in Paragraph 180 and footnote 70 state legal conclusions to which no response is required.  To the extent a response is required, Taro states that it is without sufficient

knowledge or information to admit or deny the remaining allegations in Paragraph 180 and footnote 70, and, on that basis, denies those allegations.

181.    Taro states that the referenced sources speak for themselves.  The allegations in Paragraph 181 and footnotes 71, 72, and 73 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 181 and footnotes 71, 72, and 73 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that the allegations contained in Paragraph 181 and footnotes 71, 72, and 73 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

182.    Taro states that the referenced source speaks for itself.  The allegations in Paragraph 182 and footnote 74 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 182 and footnote 74 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro.  Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

183.    Taro states that the referenced source speaks for itself.  Taro further states that the allegations in Paragraph 183 and footnote 75 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 183 and footnote 75 that relate to Taro, denies that it has engaged in any wrongdoing alleged in the

Complaint, and denies that Plaintiffs have been injured as a result of any conduct by Taro. Taro further states that the allegations contained in Paragraph 183 and footnote 75 relate to issues that have been raised, but not proven, in the cited litigation, and, on that basis, denies those allegations. Taro further states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations that relate to any entities other than Taro and, on that basis, denies those allegations.

184.    The allegations in Paragraph 184 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations in Paragraph 184.

185.    Taro states that the referenced source speaks for itself. Taro further states that the allegations in Paragraph 185 and footnote 77 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations.

186.    The allegations in Paragraph 186 state legal conclusions to which no response is required. To the extent a response is required, Taro denies the allegations.

## VI.    CLASS ACTION ALLEGATIONS

187.    The allegations in Paragraph 187 state legal conclusions to which no response is required. To the extent a response is required, Taro admits that Plaintiffs purport to bring an action on behalf of the class described in Paragraph 187. Taro denies that any such class has been properly asserted or may be certified under Federal Rule of Civil Procedure 23. Taro denies the remaining allegations in Paragraph 187.

188.    The allegations in Paragraph 188 state legal conclusions to which no response is required. To the extent a response is required, Taro admits that Plaintiffs purport to bring an action on behalf of the class described in Paragraph 188. Taro denies that any such class has been properly asserted or may be certified under Federal Rule of Civil Procedure 23. Taro denies the remaining allegations in Paragraph 188.

189.     The allegations in Paragraph 189 state legal conclusions to which no response is required.  To the extent a response is required, Taro admits that Plaintiffs purport to bring an action on behalf of the class described in Paragraph 189.  Taro denies that any such class has been properly asserted or may be certified under Federal Rule of Civil Procedure 23.  Taro denies the remaining allegations in Paragraph 189.

190.     The allegations in Paragraph 190 state legal conclusions to which no response is required.  To the extent a response is required, Taro lacks sufficient knowledge or information to admit or deny the allegations, and, on that basis, denies the allegations in Paragraph 190.

191.     The allegations in Paragraph 191 state legal conclusions to which no response is required.  To the extent a response is required, Taro lacks sufficient knowledge or information to admit or deny the allegations, and, on that basis, denies the allegations in Paragraph 191.

192.     The allegations in Paragraph 192 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 192.

193.     The allegations in Paragraph 193 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 193.

194.     The allegations in Paragraph 194 state legal conclusions to which no response is required.  To the extent a response is required, Taro admits that Plaintiffs purport to bring an action on behalf of the class described in Paragraph 194.  Taro denies that any such class has been properly asserted or may be certified under Federal Rule of Civil Procedure 23.  Taro denies the remaining allegations in Paragraph 194.

195.     The allegations in Paragraph 195 state legal conclusions to which no response is required.  To the extent a response is required, Taro admits that Plaintiffs purport to bring an action on behalf of the class described in Paragraph 195.  Taro denies that any such class has been

properly asserted or may be certified under Federal Rule of Civil Procedure 23.  Taro denies the remaining allegations in Paragraph 195.

## VII.   ANTITRUST INJURY

196.   The allegations in Paragraph 196 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 196.

197.   The allegations in Paragraph 197 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 197.

198.   The allegations in Paragraph 198 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 198.

199.   The allegations in Paragraph 199 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 199.

## VIII.   CLAIM FOR RELIEF – VIOLATION OF SECTION 1 OF THE SHERMAN ACT

200.   Taro incorporates by reference its response to all of the allegations above.

201.   The allegations in Paragraph 201 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 201.

202.   The allegations in Paragraph 202 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 202.

203.   The allegations in Paragraph 203 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 203.

204.   The allegations in Paragraph 204 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 204.

205.   The allegations in Paragraph 205 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 205.

206.     The allegations in Paragraph 206 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 206.

207.     The allegations in Paragraph 207 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 207.

208.     The allegations in Paragraph 208 state legal conclusions to which no response is required.  To the extent a response is required, Taro denies the allegations in Paragraph 208.

## IX.     RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

The Prayer for Relief states legal conclusions to which no response is required.  To the extent a response is required, Taro denies that Plaintiffs are entitled to any of the relief sought in the Complaint.

## X.     JURY TRIAL DEMAND

No response is required to Plaintiffs' jury demand.  To the extent a response is required, Taro denies that Plaintiffs are entitled to any of the relief they seek.

Taro denies any and all remaining allegations in the Complaint that are not expressly and specifically admitted above.

## AFFIRMATIVE DEFENSES

Without assuming any burdens that it would not otherwise bear, Taro asserts the following affirmative defenses.  Taro reserves the right to amend or supplement its Affirmative Defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for some or all of the claims asserted against Taro because Plaintiffs failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for some or all of the claims asserted against Taro because Plaintiffs lack standing to assert their claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered injury proximately caused by any conduct of Taro and/or have not suffered, and will not suffer, injury of the type that the relevant statutes were designed to prevent.

### FIFTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiffs' Complaint, if any, were caused, in whole or in part, by Plaintiffs' own conduct, by the conduct of persons or entities with regard to whom Plaintiffs are legally responsible, and/or by the conduct of persons or entities with regard to whom Taro is not legally responsible, and not by any alleged conduct on the part of Taro.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages, if any, are too speculative and uncertain.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for damages is barred in whole or in part by Plaintiffs' failure to exercise due care to avoid, mitigate or protect against any damages allegedly sustained.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims would result in Taro paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed to Taro by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the acts or omissions of Taro did not substantially lessen competition in any properly defined market.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Taro's actions were in the furtherance of legitimate business interests of Taro and were not part of any contract, combination, or conspiracy in restraint of trade.

## TWELFTH AFFIRMATIVE DEFENSE

Without admitting the existence of any contract, combination or conspiracy in restraint of trade, and expressly denying same, Plaintiffs' claims are barred, in whole or in part, by non-settling Defendants' right to set off any amounts paid to Plaintiffs by any Defendants who have settled, or do settle, Plaintiffs' claims against them in this action.

## <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

This action cannot be certified as a class action under the provisions of Rule 23 of the Federal Rules of Civil Procedure.

## <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Taro also reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

Taro adopts by reference any additional, applicable defense pleaded by the other Defendants in this matter.

Taro, further, denies each and every allegation of Plaintiffs' Complaint except as expressly admitted or qualified above.  Taro prays that the Complaint be dismissed with prejudice, that the Court find Plaintiffs are not entitled to any judgment or relief, that the Court enter judgment in favor of Taro and against Plaintiffs, and that the Court award Taro such other relief as the Court deems just and proper.

Dated: March 15, 2019                         Respectfully submitted,

                                              */s/ J. Douglas Baldridge*
                                              J. Douglas Baldridge
                                              Lisa Jose Fales
                                              Danielle R. Foley
                                              VENABLE LLP
                                              600 Massachusetts Avenue, NW
                                              Washington, D.C. 20001
                                              (202) 344-4000
                                              jbaldridge@venable.com
                                              ljfales@venable.com
                                              drfoley@venable.com

                                              Thomas J. Welling, Jr.
                                              Benjamin P. Argyle
                                              VENABLE LLP
                                              1270 Avenue of the Americas
                                              24th Floor
                                              New York, New York 10020
                                              (212) 307-5500
                                              tjwelling@venable.com
                                              bpargyle@venable.com

                                              *Counsel for Defendant Taro Pharmaceuticals
                                              U.S.A., Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2019, a copy of the foregoing Answer was served on counsel for all parties through this Court's CM/ECF System.

Dated:  March 15, 2019

   <u>/s/ *J. Douglas Baldridge*</u>
   J. Douglas Baldridge
