**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724**<br>**HON. CYNTHIA M. RUFE** |
| **IN RE: ECONAZOLE CASES** | **16-EC-27241** |
| **THIS DOCUMENT RELATES TO:**<br><br>*ALL ECONAZOLE DIRECT PURCHASER ACTIONS* | |

**DEFENDANT PERRIGO NEW YORK, INC.'S ANSWER TO THE ECONAZOLE
CONSOLIDATED AMENDED DIRECT PURCHASER CLASS ACTION COMPLAINT**

Defendant Perrigo New York, Inc. ("Perrigo"), by and through its undersigned attorneys, respectfully submits the following Answer and additional defenses to Plaintiffs' Consolidated Amended Direct Purchaser Class Action Complaint (the "Complaint"). Except as expressly stated below, Perrigo answers and responds only to those allegations directed toward it. Perrigo is without sufficient knowledge or information to form a belief concerning the truth of the allegations in the Complaint directed toward other Defendants and on that basis denies all such allegations. Perrigo answers and responds to each of the allegations in the Complaint as follows:

1.      Perrigo admits that Plaintiffs brought a Class Action Complaint that purports to be on behalf of a Class of direct purchasers who purportedly purchased Econazole from Defendants. Perrigo admits that it sold Econazole nitrate 1% cream ("Econazole"). Perrigo denies any remaining factual allegations in Paragraph 1 and makes no response to Plaintiffs' characterization of the nature of their claims.

2.      Perrigo denies the allegations in Paragraph 2.

3.      Perrigo admits that Plaintiffs brought a civil action seeking treble damages against Defendants for violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Perrigo denies the remaining allegations in Paragraph 3.

4.      Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and on that basis denies them.

5.      Perrigo admits the allegations in Paragraph 5.

6.      Perrigo admits that Econazole has been available in the United States for almost 20 years.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 6 and on that basis denies them.

7.      Paragraph 7 purports to set forth the text of a report by the United States Government Accountability Office ("GAO"), the content of which speaks for itself.  Perrigo denies the allegations contained in Paragraph 7 to the extent they are inconsistent with the statements contained in the report cited.  Perrigo denies the remaining allegations in Paragraph 7.

8.      Perrigo admits that it has received a subpoena from the DOJ.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 8 and on that basis denies them.

9.      Paragraph 9 purports to describe correspondence by the National Community Pharmacists Association ("NCPA") to the United States Senate Health Education Labor and Pensions ("HELP") Committee and the United States House Energy and Commerce Committee, the contents of which speak for themselves.  Perrigo refers to the citations for a complete statement of their contents and denies the allegations contained in Paragraph 9 that are inconsistent with those citations.  Perrigo lacks sufficient knowledge or information to form a

belief as to the truth of the remaining allegations contained in Paragraph 9 and on that basis denies them.

10.     Paragraph 10 purports to summarize documents filed by the DOJ against two former executives of Heritage Pharmaceuticals, Jeffrey Glazer and Jason Malek, and therein the DOJ alleged that Glazer and Malek conspired with others "to allocate customers, rig bids, and fix and maintain prices for doxycycline hyclate sold in the United States" and "to allocate customers and fix and maintain prices for glyburide sold in the United States."  Perrigo refers to the citations for a complete statement of their contents and denies the allegations contained in Paragraph 10 that are inconsistent with those citations.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements in the citations and on that basis denies them.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 10 and on that basis denies them.

11.     Paragraph 11 purports to summarize and quote statements made by the DOJ in the cited sources, the contents of which speak for themselves.  Perrigo refers to the documents cited for a complete statement of their contents and denies the allegations in Paragraph 11 to the extent they are inconsistent with the documents.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements in the cited documents and on that basis denies them.  Perrigo denies the remaining allegations contained in Paragraph 11.

12.     Paragraph 12 purports to quote statements made by the Plaintiffs States in a filing in the U.S. District Court for the Eastern District of Pennsylvania on May 31, 2018, the content of which speaks for itself.  Perrigo refers to the court filing citied for a complete statement of its contents and denies the allegations in Paragraph 12 to the extent they are inconsistent with the

filing.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements in the cited filing and on that basis denies them.

13.     Paragraph 13 purports to quote from Aceto Corporation's May 7, 2018 10-Q Quarterly Report to the SEC, the content of which speaks for itself.  Perrigo refers to the 10-Q Quarterly Report for a complete statement of its terms and denies the allegations in Paragraph 13 to the extent they are inconsistent with the Report.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements in the cited 10-Q Quarterly Report and on that basis denies them.

14.     Paragraph 14 purports to quote Mallinckrodt plc's May 8, 2018 10-Q Quarterly Report to the SEC, the content of which speaks for itself.  Perrigo refers to the 10-Q Quarterly Report for a complete statement of its terms and denies the allegations in Paragraph 14 to the extent they are inconsistent with the Report.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements in the cited 10-Q Quarterly Report and on that basis denies them.

15.     Paragraph 15 purports to quote Amneal Pharmaceuticals' November 7, 2018 10-Q Quarterly Report to the SEC, the content of which speaks for itself.  Perrigo refers to the 10-Q Quarterly Report for a complete statement of its terms and denies the allegations in Paragraph 15 to the extent they are inconsistent with the Report.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements in the cited 10-Q Quarterly Report and on that basis denies them.

16.     Paragraph 16 purports to quote Taro's June 21, 2018 Form 20-F and Dr. Reddy's June 15, 2018 Form 20-F Reports to the SEC, the contents of which speak for themselves. Perrigo refers to the cited Form 20-F Reports for a complete statement of their terms and denies

the allegations in Paragraph 16 to the extent they are inconsistent with the Reports.  Perrigo lacks

sufficient knowledge or information to form a belief as to the truth of the statements in the cited

Form 20-F Reports and on that basis denies them.

17.    Paragraph 17 purports to quote Lannett's August 28, 2018 10-K Annual Report to

the SEC, Mylan's August 8, 2018 10-Q Quarterly Report to the SEC, and Teva's August 2, 2018

10-Q Quarterly Report to the SEC, the contents of which speak for themselves.  Perrigo refers to

the SEC filings cited for a complete statement of their terms and denies the allegations in

Paragraph 17 to the extent they are inconsistent with the Reports.  Perrigo lacks sufficient

knowledge or information to form a belief as to the truth of the statements in the cited Reports

and on that basis denies them.

18.    Paragraph 18 cites Endo International's November 8, 2018 10-Q Quarterly Report

to the SEC, the content of which speaks for itself.  Perrigo refers to the 10-Q Quarterly Report

for a complete statement of its terms and denies the allegations in Paragraph 18 to the extent they

are inconsistent with the Report.  Perrigo lacks sufficient knowledge or information to form a

belief as to the truth of the statements in the cited 10-Q Quarterly Report and on that basis denies

them.

19.    Paragraph 19 purports to quote statements made by the DOJ and the content of the

cited source speaks for itself.  Perrigo refers to the remarks for a complete statement of its terms

and denies the allegations in Paragraph 19 to the extent they are inconsistent with the cited

document.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of

the statements in the cited remarks and on that basis denies them.  Perrigo denies the remaining

allegations in Paragraph 19.

20.    Perrigo denies the allegations in Paragraph 20.

21.     Perrigo admits that Plaintiffs claim to be seeking damages on behalf of themselves and members of the putative class, but Perrigo denies that any damages were caused by Perrigo for any alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.  Perrigo further denies the remaining allegations in Paragraph 21.

22.     The allegations in Paragraph 22 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Perrigo denies the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Perrigo denies the allegations in Paragraph 23.

24.      The allegations in Paragraph 24 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Perrigo admits that it sold and distributed generic pharmaceuticals, including Econazole, in the United States during the purported Class Period.  Perrigo denies the remaining allegations in Paragraph 24.

25.     The allegations in Paragraph 25 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Perrigo denies the allegations in Paragraph 25.

26.     Perrigo admits that Ahold may have purchased Econazole directly from it during the purported Class Period.  Perrigo denies the remaining allegations in Paragraph 26.

27.     Perrigo admits that CCI may have purchased Econazole directly from it during the purported Class Period.  Perrigo denies the remaining allegations in Paragraph 27.

28.     Perrigo admits that Kerr may have purchased Econazole directly from it during the purported Class Period.  Perrigo denies the remaining allegations in Paragraph 28.

6

29.     Perrigo admits that KPH may have purchased Econazole directly from it during the purported Class Period.  Perrigo denies the remaining allegations in Paragraph 29.

30.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies them.

31.     Perrigo admits the allegations in Paragraph 31.

32.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 and on that basis denies them.

33.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and on that basis denies them.

34.     Perrigo denies the allegations in paragraph 34.

35.     Perrigo denies the allegations in Paragraph 35.

36.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and on that basis denies them.

37.     Perrigo denies the allegations in Paragraph 37.

38.     Perrigo denies the allegations in Paragraph 38.

39.     Perrigo denies the allegations in Paragraph 39.

40.     Perrigo admits that it manufactures and sells Econazole in the United States. Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 40 and on that basis denies them.

41.     Perrigo admits that it produces Econazole.  To the extent that the allegations relate to other Defendants, Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies them.

42.     The allegations in Paragraph 42 state legal conclusions to which no response is required.  To the extent a response is required, Perrigo admits that it sold Econazole in the United States and in this District during the purported Class Period.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 42 and on that basis denies them.

43.     The allegations in Paragraph 43 state legal conclusions to which no response is required.  To the extent a response is required, Perrigo denies the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 state legal conclusions to which no response is required.  To the extent a response is required, Perrigo denies the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 state legal conclusions to which no response is required.  To the extent a response is required, Perrigo denies the allegations in Paragraph 45.

46.     The allegations in Paragraph 46 state legal conclusions to which no response is required.  To the extent a response is required, Perrigo denies the allegations in Paragraph 46.

47.     Perrigo admits that generic drugs can provide a lower-cost but bioequivalent alternative to brand drugs.  The last two sentences of Paragraph 47 consist of legal conclusions to which no response is required.  To the extent a response is required, Perrigo denies the allegations contained in the last two sentences of Paragraph 47.

48.     Perrigo admits the allegations in Paragraph 48.

49.     Perrigo admits the allegations in Paragraph 49.

50.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies them.

51.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and on that basis denies them.

52.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies them.

53.     Paragraph 53 purports to set forth information from a Federal Trade Commission study, the content of which speaks for itself.  Perrigo refers to the study for a complete statement of its contents, and denies the allegations in Paragraph 53 to the extent they are inconsistent with the contents of the study.  Perrigo lacks sufficient knowledge and information to form a belief as to the truth of the statements in the study and on that basis denies them.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 53 and on that basis denies them.

54.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54 and on that basis denies them.

55.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 and on that basis denies them.

56.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 and on that basis denies them.

57.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 and on that basis denies them.

58.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 and on that basis denies them.

59.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 and on that basis denies them.

60.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 and on that basis denies them.

61.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 61 and on that basis denies them.

62.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62 and on that basis denies them.

63.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 63 and on that basis denies them.

64.     Perrigo denies the allegations in Paragraph 64.

65.     Perrigo admits that generic versions of Econazole have been on the market for years.  Perrigo denies the remaining allegations in Paragraph 65.

66.     Perrigo admits that the market for Econazole has several generic competitors. Perrigo denies the remaining allegations in Paragraph 66.

67.     Perrigo admits that there were three or more manufacturers selling Econazole in the United States during the purported Class Period.  Perrigo denies the remaining allegations in Paragraph 67.

68.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 and on that basis denies them.

69.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 69 and on that basis denies them.

70.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70 and on that basis denies them.

71.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 71 and on that basis denies them.

72.     Perrigo denies the allegations in Paragraph 72.

73.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 73 and on that basis denies them.

74.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 74 and on that basis denies them.

75.     Perrigo denies the allegations in Paragraph 75.

76.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 76 and on that basis denies them.

77.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies them.

78.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 78 and on that basis denies them.

79.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 79 and on that basis denies them.

80.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 and on that basis denies them.

81.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 81 and on that basis denies them.

82.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 and on that basis denies them.

83.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83 and on that basis denies them.

84.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 84 and on that basis denies them.

85.     Perrigo denies that the prices alleged in Paragraph 85 correspond to Perrigo's net prices for the referenced products.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 85 and on that basis denies them.

86.     Perrigo denies that the prices alleged in Paragraph 86 correspond to Perrigo's net prices for the referenced products.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 86 and on that basis denies them.

87.     Perrigo denies the allegations in Paragraph 87.

88.     Perrigo denies that the prices alleged in Paragraph 88 correspond to Perrigo's net prices for the referenced products.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 and on that basis denies them.

89.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 and on that basis denies them.

90.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90 and on that basis denies them.

91.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 and on that basis denies them.

92.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 92 and on that basis denies them.

93.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 and on that basis denies them.

94.     Perrigo denies the allegations in Paragraph 94 that relate to Perrigo.  Perrigo further states that it is without sufficient knowledge or information to form a belief as to the truth

of the allegations that relate to any entities other than Perrigo and on that basis denies those allegations.

95.     Perrigo denies the allegations in Paragraph 95.

96.     Perrigo admits that Econazole is not listed on the FDA's list of Current and Resolved Drug Shortages and Discontinuations Reported to FDA.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 96 and on that basis denies them.

97.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies them.

98.     Perrigo denies the allegations in Paragraph 98.

99.      Perrigo denies the allegations in Paragraph 99.

100.     Perrigo denies the allegations in Paragraph 100.

101.     Perrigo denies the allegations in Paragraph 101.

102.     Perrigo denies the allegations in Paragraph 102.

103.     The first sentence of Paragraph 103 purports to summarize a *FiercePharma* article, the content of which speaks for itself.  The second sentence of Paragraph 103 purports to quote from a press release from the Connecticut Attorney General, the content of which speaks for itself.  Perrigo refers to the citations for a complete statement of their contents and denies the allegations contained in Paragraph 103 that are inconsistent with those citations.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements in the citations and on that basis denies them.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 103 and on that basis denies them.

104.     Perrigo admits that it has employees who are members of trade associations and who attend industry events.  Perrigo denies the remaining allegations in Paragraph 104.

105.     Paragraph 105 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.  Perrigo refers to the website for a complete statement of its content and denies the allegations in Paragraph 105 to the extent they are inconsistent with the website.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements on the website and on that basis denies them.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 105 and on that basis denies them.

106.     Paragraph 106 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.  Perrigo refers to the website for a complete statement of its contents and denies the allegations in Paragraph 106 to the extent they are inconsistent with the website.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements on the website and on that basis denies them.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 106 and on that basis denies them.

107.     Paragraph 107 purports to quote from an archived version of GPhA's website, the content of which speaks for itself.  Perrigo refers to the website for a complete statement of its contents and denies the allegations in Paragraph 107 to the extent they are inconsistent with the website.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements on the website and on that basis denies them.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 107 and on that basis denies them.

108.     Perrigo admits that Doug Boothe served on GPhA's Board of Directors in 2013, 2014, and 2015.  Perrigo further admits that Richard Stec served on GPhA's Board of Directors in 2016.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 108 and on that basis denies them.

109.     Perrigo admits that the NACDS is a national trade association that holds annual and regional conferences.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 109 and on that basis denies them.

110.     Perrigo admits the allegations in Paragraph 110 include information similar to what appears on the website referenced in Paragraph 110, but Perrigo refers to the website for a complete statement of its contents and denies the allegations in Paragraph 110 to the extent they are inconsistent with the website.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements on the website and on that basis denies them.

111.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies them.

112.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 112 and on that basis denies them.

113.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113 and on that basis denies them.

114.     Perrigo admits that the last person named in subparagraph a of Paragraph 114 attended the meeting referenced in Paragraph 114.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 114 and on that basis denies them.

115.     Perrigo admits that the persons named in subparagraph a of Paragraph 115 attended the meeting referenced in Paragraph 115.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 115 and on that basis denies them.

116.     Perrigo admits the first sentence of Paragraph 116.  Perrigo further admits that the first and third persons named in subparagraph a of Paragraph 116 attended the meeting referenced in Paragraph 116.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 116 and on that basis denies them.

117.     Perrigo admits the first sentence of Paragraph 117.  Perrigo further admits that the first two persons named in subparagraph a of Paragraph 117 attended the meeting referenced in Paragraph 117.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 117 and on that basis denies them.

118.     Perrigo admits that the last person named in subparagraph a of Paragraph 118 attended the meeting referenced in Paragraph 118.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 118 and on that basis denies them.

119.     Perrigo admits the first sentence of Paragraph 119.  Perrigo further admits that the first six persons named and the eighth person named in subparagraph a of Paragraph 119 attended the meeting referenced in Paragraph 119.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 119 and on that basis denies them.

120.     Perrigo admits that the last person named in subparagraph a of Paragraph 120 attended the meeting referenced in Paragraph 120.  Perrigo lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations in Paragraph 120 and on that basis denies them.

121.     Perrigo admits that the persons named in subparagraph a of Paragraph 121 attended the meeting referenced in Paragraph 121.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 121 and on that basis denies them.

122.     Perrigo admits the first sentence of Paragraph 122.  Perrigo further admits that the persons named in subparagraph a of Paragraph 122 attended the meeting referenced in Paragraph 122.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 122 and on that basis denies them.

123.     Perrigo admits the first sentence of Paragraph 123.  Perrigo admits that the persons named in subparagraph a of Paragraph 123 attended the meeting referenced in Paragraph 123.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 123 and on that basis denies them.

124.     Perrigo admits that the first person named in subparagraph a of Paragraph 124 attended the meeting referenced in Paragraph 124.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 124 and on that basis denies them.

125.     Perrigo admits the first sentence of Paragraph 125.  Perrigo further admits that the first four persons named and the last two persons named in subparagraph a of Paragraph 125 attended the meeting referenced in Paragraph 125.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 125 and on that basis denies them.

126.     Perrigo admits that the fourth person named in subparagraph a of Paragraph 126 attended the meeting referenced in Paragraph 126.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126 and on that basis denies them.

127.     Perrigo admits that the first, second, and last person named in subparagraph a of Paragraph 127 attended the meeting referenced in Paragraph 127.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 127 and on that basis denies them.

128.     Perrigo admits the first sentence of Paragraph 128.  Perrigo further admits that the persons named in subparagraph a of Paragraph 128 attended the meeting referenced in Paragraph 128.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 128 and on that basis denies them.

129.     Perrigo admits the first sentence of Paragraph 129.  Perrigo further admits that the first person named in subparagraph a of Paragraph 129 attended the annual meeting referenced in Paragraph 129.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 129 and on that basis denies them.

130.     Perrigo admits that the last person named in subparagraph a of Paragraph 130 attended the meeting referenced in Paragraph 130.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 130 and on that basis denies them.

131.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131 and on that basis denies them.

132.     Perrigo admits that the third person named in subparagraph a of Paragraph 132 attended the meeting referenced in Paragraph 132.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 132 and on that basis denies them.

133.     Perrigo admits that representatives from Perrigo attended a trade association meeting in August 2016, but denies the remaining allegations in subpart ii of Paragraph 133. Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 133 and on that basis denies them.

134.     Perrigo denies the allegations in Paragraph 134.

135.     Perrigo denies the allegations in Paragraph 135.

136.     Perrigo admits that it has offices in New York and New Jersey.  Perrigo denies the remaining allegations in Paragraph 136.

137.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137 and on that basis denies them.

138.     Perrigo denies the allegations in Paragraph 138.

139.     Perrigo denies the allegations in Paragraph 139.

140.     Perrigo denies the allegations in Paragraph 140.

141.     Perrigo denies the allegations in Paragraph 141.

142.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142 and on that basis denies them.

143.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143 and on that basis denies them.

144.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 144 and on that basis denies them.

145.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145 and on that basis denies them.

146.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 146 and on that basis denies them.

147.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147 and on that basis denies them.

148.     Paragraph 148 purports to quote public statements made during Perrigo's October 31, 2013 earnings call.  Perrigo refers to the transcript of the earnings call for a complete reporting of the statements made during the call, and Perrigo denies the allegations in Paragraph 148 to the extent they are inconsistent with the statements contained in the transcript of the earnings call.

149.     Paragraph 149 purports to quote public statements made during Perrigo's May 7, 2014 earnings call.  Perrigo refers to the transcript of the earnings call for a complete reporting of the statements made during the call, and Perrigo denies the allegations in Paragraph 149 to the extent they are inconsistent with the statements contained in the transcript of the earnings call.

150.     Paragraph 150 purports to quote public statements made during Perrigo's August 14, 2014 earnings call.  Perrigo refers to the transcript of the earnings call for a complete reporting of the statements made during the call, and Perrigo denies the allegations in Paragraph 150 to the extent they are inconsistent with the statements contained in the transcript of the earnings call.

151.    Paragraph 151 purports to quote Perrigo's 2015 Annual Report.  Perrigo refers to the 2015 Annual Report for a complete statement of its contents and Perrigo denies the allegations in Paragraph 151 to the extent they are inconsistent with the statements contained in the 2015 Annual Report.

152.    Paragraph 152 purports to quote public statements made during Perrigo's February 7, 2015 earnings call.  Perrigo refers to the transcript of the earnings call for a complete reporting of the statements made during the call, and Perrigo denies the allegations in Paragraph 152 to the extent they are inconsistent with the statements contained in the transcript of the earnings call.

153.    Paragraph 153 purports to quote public statements made during Perrigo's February 7, 2015 earnings call.  Perrigo refers to the transcript of the earnings call for a complete reporting of the statements made during the call, and Perrigo denies the allegations in Paragraph 153 to the extent they are inconsistent with the statements contained in the transcript of the earnings call.

154.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 154 and on that basis denies them.

155.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155 and on that basis denies them.

156.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 156 and on that basis denies them.

157.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 157 and on that basis denies them.

158.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 158 and on that basis denies them.

159.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159 and on that basis denies them.

160.     Paragraph 160 purports to quote from a *Wall Street Journal* article, the content of which speaks for itself.  Perrigo refers to the article for a complete statement of its contents and denies the allegations contained in Paragraph 160 to the extent they are inconsistent with the contents of the article.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the cited article's statements and on that basis denies them.

161.     Paragraph 161 purports to summarize and quote from a *Bloomberg* article, the content of which speaks for itself.  Perrigo refers to the article for a complete statement of its contents and denies the allegations contained in Paragraph 161 to the extent they are inconsistent with the contents of the article.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the cited article's statements and on that basis denies them.

162.     The first sentence of Paragraph 162 purports to quote from a study by David Belk, MD, the content of which speaks for itself.  The second sentence of Paragraph 162 purports to summarize a GAO Report, the content of which speaks for itself.  Perrigo refers to the cited documents for a complete statement of their contents and denies the allegations contained in Paragraph 162 to the extent they are inconsistent with the contents of those documents.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the cited documents' statements in Paragraph 162 and on that basis denies them.

163.     Paragraph 163 purports to summarize and quote from a press release by the Pennsylvania Medical Society, the content of which speaks for itself.  Perrigo refers to the press

release for a complete statement of its contents and denies the allegations contained in Paragraph 163 to the extent they are inconsistent with the contents of the press release.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the cited press release's statements and on that basis denies them.

164.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 164 and on that basis denies them.

165.    Perrigo admits that Senator Sanders and Representative Cummings issued a joint press release on or about October 2, 2014, which is cited in Paragraph 165.  Perrigo refers to the press release for a complete statement of its contents and denies the allegations contained in Paragraph 165 to the extent they are inconsistent with the contents of the press release.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 165 and on that basis denies them.

166.    Perrigo admits that Senator Sanders and Representative Cummings issued a joint press release on or about October 2, 2014, which is cited in Paragraph 166.  Perrigo refers to the press release for a complete statement of its contents and denies the allegations contained in Paragraph 166 to the extent they are inconsistent with the contents of the press release.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 166 and on that basis denies them.

167.    Paragraph 167 purports to quote excerpts from letters between Senator Sanders and Representative Cummings and the Office of the Inspector General.  Perrigo refers to the letters for a complete statement of their contents and denies the allegations contained in Paragraph 167 to the extent they are inconsistent with the letters.  Perrigo lacks knowledge or

information sufficient to form a belief as to the truth of the statements in the cited letters and on that basis denies them.

168.     Paragraph 168 purports to summarize and quote an August 2016 GAO Report, the content of which speaks for itself.  Perrigo refers to the report cited in Paragraph 168 for a complete statement of its contents and denies the allegations in Paragraph 168 to the extent they are inconsistent with the report.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements in the report and on that basis denies them.

169.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 169 and on that basis denies them.

170.     Paragraph 170 purports to summarize an article by *Policy and Regulatory Report*, the content of which speaks for itself.  Paragraph 170 further purports to quote from an article by *Bloomberg*, the content of which speaks for itself.  Perrigo refers to the articles for a complete statement of their contents and denies the allegations contained in Paragraph 170 to the extent they are inconsistent with the contents of the articles.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements in the articles and on that basis denies them.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 170 and on that basis denies them.

171.     Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 171 and on that basis denies them.

172.     Paragraph 172 purports to quote statements contained in Perrigo's press release cited in Paragraph 172.  Perrigo refers to the press release for a complete statement of its contents and denies the allegations in Paragraph 172 to the extent they are inconsistent with the contents of the press release.

173.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 173 and on that basis denies them.

174.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 174 and on that basis denies them.

175.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 175 and on that basis denies them.

176.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 176 and on that basis denies them.

177.    The allegations in Paragraph 177 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Perrigo denies the allegations in Paragraph 177.

178.    Paragraph 178 purports to summarize and quote from the DOJ's website, the content of which speaks for itself.  Perrigo refers to the website for a complete statement of its contents and denies the allegations contained in Paragraph 178 to the extent they are inconsistent with the website.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the statements contained on the website cited and on that basis denies them.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 178 and on that basis denies them.

179.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 179 and on that basis denies them.

180.    Paragraph 180 purports to quote from a transcript from Glazer's and Malek's plea hearing, the content of which speaks for itself.  Perrigo refers to the transcript for a complete statement of its contents and denies the allegations in Paragraph 180 that are inconsistent with

the transcript.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth
of the statements in the cited transcript and on that basis denies them.  Perrigo lacks sufficient
knowledge or information to form a belief as to the truth of the remaining allegations in
Paragraph 180 and on that basis denies them.

181.    Paragraph 181 purports to summarize and quote from a hearing transcript, as well
as from a DOJ memorandum, the contents of which speak for themselves.  Perrigo admits that
the DOJ has intervened in MDL 2724.  Perrigo refers to the cited documents for a complete
statement of their contents and denies the allegations in Paragraph 181 to the extent they are
inconsistent with the cited documents.  Perrigo lacks sufficient knowledge or information to form
a belief as to the truth of the statements contained in the cited documents in Paragraph 181 and
on that basis denies them.  Perrigo lacks sufficient knowledge or information to form a belief as
to the truth of the remaining allegations in Paragraph 181 and on that basis denies them.

182.    Paragraph 182 purports to quote from the DOJ's Spring 2017 Division Update,
the content of which speaks itself.  Perrigo refers to the Division Update for a complete
statement of its contents and denies the allegations in Paragraph 182 to the extent they are
inconsistent with the Division Update.  Perrigo lacks sufficient knowledge or information to
form a belief as to the truth of the statements contained in the Division Update cited in Paragraph
182 and on that basis denies them.

183.    Paragraph 183 purports to reference the Plaintiff States' CAC, the content of
which speaks for itself.  Paragraph 183 also purports to quote from an article by *The Connecticut
Mirror*, the content of which speaks for itself.  Perrigo refers to the cited sources for a complete
statement of their contents and denies the allegations in Paragraph 183 to the extent they are
inconsistent with the cited sources.  Perrigo lacks sufficient knowledge or information to form a

belief as to the truth of the statements contained in the sources cited in Paragraph 183 and on that basis denies them.  Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 183 and on that basis denies them.

184.    The allegations in Paragraph 184 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Perrigo denies the allegations in Paragraph 184.

185.    Perrigo denies the allegations in Paragraph 185.

186.    Perrigo denies the allegations in Paragraph 186.

187.    The allegations in Paragraph 187 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, Perrigo denies the allegations in Paragraph 187.

188.    Perrigo denies the allegations in Paragraph 188.

189.    Perrigo denies the allegations in Paragraph 189.

190.    Perrigo denies the allegations in Paragraph 190.

191.    Perrigo lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 191 and on that basis denies them.

192.    Perrigo denies the allegations in Paragraph 192.

193.    Perrigo denies the allegations in Paragraph 193.

194.    Perrigo denies the allegations in Paragraph 194.

195.    Perrigo denies the allegations in Paragraph 195.

196.    The allegations in Paragraph 196 state legal conclusions to which no response is required.  To the extent a response is required, Perrigo admits that certain Plaintiffs and Class

members directly purchased Econazole from Perrigo.  Perrigo denies the remaining allegations in Paragraph 196.

197.    Perrigo denies the allegations in Paragraph 197.

198.    Perrigo denies the allegations in Paragraph 198.

199.    Perrigo denies the allegations in Paragraph 199.

200.    No response required.

201.    The allegations in Paragraph 201 state legal conclusions to which no response is required.  To the extent a response is required, Perrigo denies the allegations in Paragraph 201.

202.    Perrigo denies the allegations in Paragraph 202.

203.    Perrigo denies the allegations in Paragraph 203.

204.    Perrigo denies the allegations in Paragraph 204.

205.    The allegations in Paragraph 205 state legal conclusions to which no response is required.  To the extent a response is required, Perrigo denies the allegations in Paragraph 205.

206.    The allegations in Paragraph 206 state legal conclusions to which no response is required.  To the extent a response is required, Perrigo denies the allegations in Paragraph 206.

207.    Perrigo denies the allegations in Paragraph 207.

208.    The allegations in Paragraph 208 state legal conclusions to which no response is required.  To the extent a response is required, Perrigo denies the allegations in Paragraph 208.

## DENIAL

Perrigo denies each and every allegation in the Complaint not specifically admitted above.  Perrigo denies that Plaintiffs are entitled to any relief at all, including the relief they seek.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that it would not otherwise bear under applicable law, Perrigo asserts the following affirmative defenses to each and every cause of action alleged in the Complaint:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiffs lack standing to bring or maintain this action.

### Third Defense

Plaintiffs' claims are barred because the relief sought is broader than what is necessary to remedy the alleged harm.

### Fourth Defense

Plaintiffs' claims are barred by applicable statutes of limitations and/or laches.

### Fifth Defense

Plaintiffs' claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because they have not sustained any cognizable injury or antitrust injury by reason of any action of Perrigo or the alleged co-conspirators.

### Sixth Defense

Plaintiffs' claims are barred, in whole or in part, because their alleged damages, if any, are remote and speculative and because of the impossibility of ascertaining and allocating these alleged damages.

## Seventh Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs passed along to their own customers any "damages" allegedly suffered.

## Eighth Defense

Plaintiffs may not assert this action as a class action.

## Ninth Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries were not proximately caused by any act or omission related to Perrigo.

## Tenth Defense

Plaintiffs are precluded from recovering damages, in whole or in part, because and to the extent of their failure to mitigate damages.

## Eleventh Defense

Plaintiffs' claims are barred by the doctrine of estoppel.

## Twelfth Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## Thirteenth Defense

Plaintiffs' claims are barred because Plaintiffs' damages, if any, resulted from the acts or omissions of third parties over whom Perrigo had no control, which constitute intervening or superseding causes of harm.

## Fourteenth Defense

To the extent Plaintiffs' claims would result in Perrigo's paying damages to more than one claimant for the same alleged overcharge, they are barred because such multiple liability would violate rights guaranteed Perrigo by the United States Constitution, including, without

limitation, rights guaranteed under the Due Process Clause of the Fifth and Fourteenth Amendments.

### Fifteenth Defense

Perrigo reserves the right to assert other defenses as additional information becomes available.

### Sixteenth Defense

Perrigo adopts by reference any applicable affirmative defense set forth by any other Defendant not expressly set forth herein.

### PRAYER FOR RELIEF

WHEREFORE, Perrigo prays as follows:

1.  That the Complaint be dismissed with prejudice;

2.  That the Court enter judgment in favor of Perrigo;

3.  That the Court award Perrigo its costs and expenses, including attorneys' fees; and

4.  That the Court award further relief as deemed just and proper.

Dated: March 15, 2019       **MORGAN, LEWIS & BOCKIUS LLP**

*/s/ J. Clayton Everett, Jr.*
Scott A. Stempel
J. Clayton Everett, Jr.
Tracey F. Milich
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone:  +1.202.739.3000
Facsimile:   +1.202.739.3001
scott.stempel@morganlewis.com
clay.everett@morganlewis.com
tracey.milich@morganlewis.com

Harvey Bartle IV (Pa. ID No. 91566)
Francis A. DeSimone (Pa. ID No. 320837)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Telephone:  +1.215.963.5000
Facsimile:   +1.215.963.5001
harvey.bartle@morganlewis.com
frank.desimone@morganlewis.com

*Attorneys for Defendant*
*Perrigo New York, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2019, a copy of the above and foregoing was filed electronically via CM/ECF on all counsel of record.

*/s/ J. Clayton Everett, Jr.*
J. Clayton Everett, Jr.
